## PHENIX v. PRINDLE.

*Interest may be recovered in an action of book debt, for which there is either an express or implied contract.*

ACTION of book debt — the general issue pleaded.    The charges exhibited were for sundry articles of merchandise, sold and delivered in New York, at one year's credit, before the late revolution.— It appeared in evidence, that the course of trade in New York, and the custom of merchants there, was to charge interest on the balance of their accounts, after the expiration of one year, whether there was an express agreement to that purpose or not.    It was also acknowledged by the defendant, that he expected to pay interest agreeably to that custom, though he made no express promise.    The defendant had made payments at different times, which were not disputed by the plaintiff. The last payment was in continental bills, March, 1778, which was credited in the plaintiff's account, at the value ascertained by the scale of depreciation; the plaintiff had applied the payments to discharge the interest, the overplus to the principal.    From the accounts stated, it appeared, that computing no interest, and allowing the last payment at the nominal sum, the balance would be for the defendant, otherwise, for the plaintiff.

On this case, two questions were made.

1. Whether, under such circumstances, the account shall carry interest.

2. Whether the payment made in continental money shall be reduced by the scale of depreciation.

The jury found a verdict for the defendant; on which the court delivered the following opinions:—

The whole COURT agreed, as to the second point, that the sum paid in continental bills was not subject to reduction by the scale of depreciation; for, at the time of payment, no distinction was made by courts of justice between bills and coin; and the parties evidently considered them alike at the time of this transaction: The court, therefore, will not give it an operation different from the original intention of the parties.

On the first point, DYER, SHERMAN, PITKIN and ELLSWORTH, JJ., agreed — That though book debts do not carry interest of course, by the laws of this state, yet, where the contract is for interest, it may well be recovered in this action. At the time this debt was contracted, it appears to have been an established custom of the merchants in New York, to exact interest after one year's credit: The defendant knowing this, received the articles charged in the plaintiff's account; he has actually made payments, to a greater amount than the sum of the debt, without interest, from which arises a strong presumption, that part was intentionally paid for interest; and the whole amount to proof of a contract to pay interest, which ought to be recovered in the present action.— Douglas's Reports, 361, Edows v. Hawkins; also, Hinman et al. v. Stile, *ante*, 10; Thomson v. Wales and Moor, *ante*, 35.

LAW, C. J. I think, upon an implied contract to pay interest, it cannot be recovered in the action of book debt, though it undoubtedly may by an action on the case; because, in the action on book, the oath of the plaintiff is taken, which ought never to be admitted to prove a fact of that kind.

ELLSWORTH, J.    Where interest is challenged on book, the agreement to allow it ought to be proved by other evidence than the oath of the party; (so ought also any special price or mode of payment agreed on, if he would avail himself of it) for his testimony regularly goes no farther than to the quantity, quality, and delivery of the articles charged; — but if he hath evidence to prove an agreement to allow interest, he may recover it in the same action with the debt, and not be put to a separate suit.